**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4810

CARL DOUGLAS CONSOLVO,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-99-4)

Submitted: July 20, 2000

Decided: September 14, 2000

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, Stephen C. Gor-
don, Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Michael G. James, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carl Douglas Consolvo appeals from his conviction by jury and sentence on charges of car jacking, possession of a firearm by a fugitive, and use and carry of a firearm during a crime of violence, in violation of 18 U.S.C.A. §§ 922(g), 924(c) (West 2000); 18 U.S.C.A. § 2119 (West Supp. 2000). On appeal, Consolvo claims that the district court abused its discretion in denying his request to proceed pro se at trial, and failed to state adequately the reasons for its decision ordering Consolvo to be fully shackled during trial.

We have reviewed the record and Consolvo's claims, and find no reversible error. Specifically, we find that the district court considered appropriately relevant factors in its determination that Consolvo would not be allowed to proceed pro se, given the circumstances in this case. See United States v. Singleton, 107 F.3d 1091, 1099 (4th Cir. 1997); United States v. Dunlap, 577 F.2d 867, 868 (4th Cir. 1978). In addition, we find that the district court's findings with regard to its order that Consolvo be fully restrained during the trial were adequate to support its determination. See United States v. Samuel, 431 F.2d 610, 615 (4th Cir. 1970). We therefore affirm Consolvo's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

2